IN THE CENTRAL DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. 18-10068 |
| ) | |
| TYLER LEWIS WATSON, ) | |
| Defendant. ) | |

**Defendant's Sentencing Memorandum**

Now Comes the Defendant, TYLER LEWIS WATSON, by and through his attorney, Mr. PHILIP N. FINEGAN, of FINEGAN & RINKER, and for the reasons that follow, respectfully requests that this Court sentence the Defendant to a term of imprisonment of one hundred eighty 180 months on count 1 (Production of Child Pornography), one hundred eighty 180 months on count 2 (Production of Child Pornography), and 90 months on count 3 (Possession of Child Pornography), with said terms to run concurrently, such a disposition would be a sufficient, but not greater than necessary, sentence in consideration of the nature and circumstances of the offense, and the history and characteristics of Mr. Watson.

I.  Introduction

As detailed in the Presentence Investigation Report (hereinafter, "PSR"), Mr. Watson is twenty-one (21) years old and a graduate of Bloomington High School class of 2016. (PSR, ¶¶ 99, 113). The Defendant spent his time in high school performing trumpet in the marching band and competing as a member of the tennis team. (PSR, ¶¶ 99). Mr. Watson has no juvenile or adult criminal history and has never been arrested prior to the present cause. (PSR, Page 1, ¶¶ 113,117).

1

That the Defendant enlisted in the United States Navy in 2016 and has performed various jobs such as military police, emergency response, dispatch, computer operation, and organizational leadership. (PSR, ¶¶ 91). The Defendant's commitment to the U.S. Navy is evident by having had completed basic training at the Naval Station Great Lakes near Chicago, in Lake County Illinois, and his stationing in Manama, in the Kingdom of Bahrain found in the Persian Gulf. (PSR, ¶¶ 91, 117).

The Defendant is a member of Bethany Free Methodist Church in Bethany, Illinois, where congregation members raised money for him and his efforts in the present cause. Additionally, numerous members of the congregation wrote character reference letters on the Defendant's behalf, attached hereto as Exhibit 1. The Defendant has also been consistently attending Sunday jail services while in custody on the present cause. (PSR, ¶¶ 100).

The Defendant has a criminal history score of zero, no pending charges outside of the present cause, no past arrests or convictions, and no past juvenile adjudications. (PSR, ¶¶ 83-89). The Defendant does not abuse illegal substances or alcohol. (PSR, ¶¶ 111-112). The Defendant is in overall good health and able bodied, with an eyeglass prescription being his only medical need. (PSR, ¶¶ 104, 107). Furthermore, upon potential release, the Defendant is hopeful to gain employment as a truck driver or factory worker. (PSR, ¶¶ 115).

The Defendant has taken full responsibility and accountability for the case at hand as evidenced by the Defendant's timely guilty plea and agreement with the United States' version of the offense. (PSR, ¶¶ 46).This is further evidenced by the Defendant's admission on or about June 29, 2018, to possessing, distributing, and producing child pornography while being interviewed by NCIS. (PSR, ¶¶ 16). The Defendant further "admitted he knew it was wrong[...]"(PSR, ¶¶ 16). Furthermore, on or about September 25, 2019, the Honorable Judge Shadid accepted the Defendant's

plea of guilt. (PSR, ¶¶ 24). To reflect the Defendant's acceptance of accountability and responsibility, cooperation, and guilty plea, his overall offense level was reduced by three points pursuant to USSG §3E1.1(a) and ESSG §3E1.1(b). (PSR, ¶¶ 80-81).

II.  Title 18 U.S.C. §3553(a)

   a.  Sentencing Factors

In imposing sentence in this case, the court must consider the factors set forth in §3553(a), *see, e.g., United States v. Christiansen*, 594 F.3d 571, 576-77 (7th Cir.2010), which include,

1. the nature and circumstances of the offense and the history and characteristics of the Defendant;
2. the need for the sentence imposed-
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the advisory guideline range;
5. any pertinent policy statements issued by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

Section 3553(a) provides that the court shall, on considering these factors, impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth" in subsection (a)(2): just punishment, deterrence, protection of the public, and rehabilitation of the defendant. 18 U.S.C. §3553(a). In making this determination, this Court may not presume that the guideline sentence is the correct one. *Nelson v. United States*, 129 S.Ct.890, 892, 172 L.Ed.2d 719 (2009). This court is also free to reject any guideline on policy grounds, *see e.g., United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010); *United States v. Corner*, 598 F.3d 411, 414-15 (7th Cir. 2010) (*en banc*).

Pursuant to *U.S. v. Booker*, 125 S. Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are not binding on the Court. (PSR, ¶¶ 48). In applying the Sentencing Guidelines and the factors the Court must consider in imposing the sentence to the cause at hand, the Court should consider the following. In accordance with 18 U.S.C. §3553(a)(1), the Defendant has no prior criminal history, was only 19 years of age at the time of offense, and has taken full accountability for his actions. Furthermore, Mr. Watson plans to move near his church in Bethany, Illinois, after release from imprisonment. His plans to find gainful employment are in part motivated by his desire to pay restitution to the victims in this case, illustrating his positive characteristics. (PSR, ¶¶ 83-89, 101, 115).

    b. <u>Collateral Consequences</u>

The Court may also consider, both for purposes of public safety and in considering an appropriate sentence, the significant collateral consequences of a sex offense conviction. Regardless of the length of Mr. Watson's sentence, he will re-enter society forever branded with a label unique among convicted felons, a "sex offender," required by both state and federal law to register. It is, of

4

course, Mr. Watson's own behavior that has put him in this position, and he accepts that fact. But it is undeniable that life as a registered sex offender is measurably more compromised than life after a conviction for any other type of offense.

Housing, already a struggle for any other type of convicted felon, can prove difficult, if not impossible, for registered sex offenders, who are often forced to live with their families or social services. Employment is hard to find, especially for those sex offenders whose occupations require frequent contact with the public. The supervision limitations on computer use and internet access further limit employment opportunities. The fact is that Mr. Watson, upon completing the custody portion of his sentence, will have significant obstacles in his day to day life due to being a sex offender.

### III. Request for Variance by Defendant

Mr. Watson acknowledges and understands that he is asking the court to give him a significant variance from the sentencing guidelines, and in support of that request the defendant asks the court to consider the combination of his young age, complete lack of criminal history and the acceptance of responsibility that he has demonstrated not only from the beginning of the court proceedings, but from June of 2018 when NCIS questioned him in regards to his actions.

Tyler was 19 years old in June of 2018 when these offenses were committed, he had turned 20 by the time he was interviewed by Naval personnel in October of 2018, and at the time of this sentencing he is 21 years of age. A sentence based on the guideline range in this situation would result in the defendant being incarcerated for significantly longer than he has been alive. When the defendant was interviewed by NCIS in October of 2018 he was completely honest with them and fully admitted to the acts he had committed in the instant cause. His accountability

continued into the court proceedings by instructing his counsel to relay to the U.S. Attorney's Office that he intended to take accountability and responsibility for his actions and that he intended on entering a plea of guilty, thereby saving the Government time and resources in that regard. As noted in the PSR, "The defendant has clearly demonstrated acceptance of responsibility as reflected by his guilty plea and his agreement with the Government's version of the offense. He has pleaded guilty in a timely fashion, thus sparing the government the expense and burden of preparing for trial." (PSR, ¶¶ 47)

Mr. Watson's accountability extends to restitution issues related to the victims of his crimes. He has stipulated to the restitution amounts that have been requested to date and further stipulates to bifurcation of the restitution portion of the sentencing to allow other victims to make requests from the Government. Further, should any of the other victims make such requests the Defendant will not be objecting to those requests. While the Defendant is currently unable to pay the restitution amounts, he has expressed a desire to make paying these amounts a top priority in his life after he is released from custody.

The defendant has no criminal history of any kind and served in the United States Navy after graduating from High School.

IV. Character Reference Letters

Attached hereto for the Court's consideration are letters and personal statements written by Mr. Watson's family members and friends.

V. Conclusions

Mr. Watson has pleaded guilty and accepted responsibility for his criminal conduct. He asks the Court to consider a variant sentence that is "sufficient but not greater than necessary," that

6

reflects both the gravity of his conduct but also considers his low risk of recidivism, his lack of any criminal history or arrest, his steady and stable period of employment with the United States Navy, and the significant period of supervised release and sex offender registration that accompany incarceration.

Accordingly he recommends a concurrent sentence of 180 months on Count 1, 180 months on Count 2, and 90 months on Count 3.

                                              Respectfully Submitted,
                                              TYLER WATSON, Defendant,

                                              By /s/ Philip N. Finegan
                                                    Philip N. Finegan
                                                    Attorney at Law
                                                    Finegan & Rinker
                                                    111 W. Front St.
                                                    Bloomington, IL 61701
                                                    Phone: 309-827-0388
                                                    E-Mail: phil@fineganrinker.com
                                                    ARDC No.: 6308993

Re: Tyler Watson

Your Honor;

My name is Mark Rupe and I am serving as an elder at Centennial Christian Church, Bloomington Il.

I met Tyler when we joined this church several years ago where he is a member. He was active in the youth group and the Choir. I sat next to him in the choir and he was happy and outgoing.

Since his incarceration and transfer to Fulton County Jail, I have been visiting him once a month to help maintain connections with his church. We talk for the ½ hour about many subjects including his plans for the future beyond this issue, his family, ongoing church activities. He asked me to assist him in getting the church newsletter sent and to let other members he appreciates their cards and letters.

I believe Tyler understands his error and is prepared to work thru the sentence until he can reenter society as a productive member. We have talked of him learning and studying during this period to improve and grow.

If you have any questions, I have included my phone number below.

Sincerely,

Mark R Rupe

309-224-0528

EXHIBIT
Group 1

February 12, 2020

To: Your Honor:

My name is Perry Watson. I am Tyler Watson's father.

Tyler was always interested in music as he was growing up. He joined the church, became a member, and immediately joined the choir and excelled in singing.

When he started junior high, he joined the band. He loved playing the trumpet. He continued in the band, joining the Marching Band for 3 years in high school.

He then wanted to go into law enforcement but didn't do well on the ACT so he decided to join the Navy to learn more.

Even though he did this horrible crime, I believe that he can find his way back to the person I know. I believe with God's help, he can be a good member in society.

Thank you for your time,


Perry Watson

October 25, 2019

I know Tyler Watson through his Grandparents, who attend the same church that I attend in our small rural farming community. Though Tyler does not live in our hometown, all throughout his childhood he would visit his grandparents often and attend church with them. I have taught him in Sunday school and witnessed his desire to share his faith and his love for God through music as he would often volunteer to play his trumpet, or sing a solo whenever he was visiting. Our church was very proud and supportive of him when he chose to join the military, and we are still supporting him with our prayers and letters. Tyler has asked that we send him scriptures and Bible study info to help him to learn and grow in his walk with God. I feel that like many, Tyler may have made an irresponsible and poor choice and is paying a high price for it. However I do believe that he is seeking God and experiencing both remorse and forgiveness. While I believe in taking ownership of our deeds and dealing with the consequences, I also believe in forgiveness and second chances. Tyler has a stable family and church background and I believe he has learned from this ordeal and will be a responsible and productive member of society. I believe he has the maturity, intelligence and integrity to learn, change, mature and go forth to be the man that his family and church knows that he can be.

Lisa Spracklen

October 25, 2019

To Whom It May Concern,

To the best of my knowledge I have known Tyler Watson since he was about 10 years old. I met him through our church, the Bethany Free Methodist Church, in Bethany, Illinois. He would come to church with his grandparents when he was visiting them. My impression of him at the time was that he was very respectful and emulated his grandfather in dress and manners. I was teaching Sunday School at the time, but he was with the older children, so I had his younger sister in my class.

As time went on I watched Tyler grow up and participate in his high school band. When he came to visit his grandparents he would sing specials in our church, which was really neat. I purchased items he sold to help support his school band in order for them to go to Disney World and other places.

When Tyler graduated and joined the Navy our church supported him in sending him cards overseas and also sent a box of his favorite food items at Christmas time. He was always appreciative and thankful for all we were able to do for him, and expressed his thanks through letters and through his grandparents.

I feel that Tyler is concerned about his spiritual life at this time and wants to get his life back on the right track. This would be in keeping with all I have known about him as he was growing up. I continue to support him by sending cards and helping him to find books to read. I think that Tyler has much to offer and hope that he will be allowed to make better choices in the future.

Sincerely,

*Sally E. Ascenzo*

Sally E. Ascenzo

P.O. Box 525

Bethany, IL 61914

Rev. Barry Long
312 West Main Street
Bethany Illinois 61914
26 October, 2019

Concerning Tyler Watson

I am writing this letter to share with you what I know of Tyler Watson. I have known Tyler for almost 10 years now. He has visited our church at Bethany where his Grandparents attend and live. I found Tyler to be a very good young man. He sang specials in our church when he visited and was always a kind young man. I have golfed with Tyler and his Grandfather Gene and once more Tyler was always respectful and kind. After he joined the Navy, Tyler was proud of serving his country in this way.

I believe everyone deserves consideration for a second chance in life. I believe that Tyler Watson is a young man deserving consideration for a second chance in life. Thank you for the opportunity to share my thoughts about Tyler with you.

Rev. Barry Long

To Whom It May Concern:

This is in reference to Tyler Watson. I have known Tyler since he was born. He would come to Bethany and spend every other weekend with his maternal grandparents. As he grew up they would do lots of things with him & his sister. The childrens museum, and The Great Pumpkin Patch for example. He loved them as they loved him. They took him to church every sunday when he was in Bethany. As he grew up he spent less time here because of school activities. He was in high school band and marching band and loved it. He also participated in church activities at the church he attended in Bloomington. He grew up with a loving family. He has always treated me and my husband with kindness and respect.

Mrs. Ola McMahan

I was asked to write a character reference for Tyler Watson. My brother married his Grandmother so I have known Tyler since he was born. I was shocked when I was told about the situation he is in today. He has always been a gentle, kind, and polite person growing up. He has always been there to lend a hand when needed. He was active in the music programs at church and in the school band while growing up. I'm especially concerned about this present situation especially having a future career in Law Enforcement himself, especially with the K-9 unit. Our family has been so very proud of this young man through the years and have continuously been praying for him.

Sincerely,
Anna Cook